SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**PRISCILLA RUCKER**,

    Plaintiff,

    v.

**ARCHITECT OF THE CAPITOL,**

    Defendant.

Civil Action No. 10-cv-1483 (RLW)

## MEMORANDUM OPINION [1]

Consistent with this Court's July 2, 2012 Order, (Doc. 17), and August 2, 2012 Minute Order, the parties were allowed to file additional briefs and evidentiary records on the issue of whether the Plaintiff's administrative complaint, encompassing her disability discrimination claims, was pending when she filed the present lawsuit. The Court finds that such claims were pending and, accordingly, Defendant is entitled to summary judgment.

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

On or about August 19, 2010, Plaintiff filed an administrative complaint that included a disability discrimination claim, along with Title VII retaliation and hostile environment claims. (*See* Doc. 7-2, Def.'s Mot. to Dismiss at Ex. ECF. p. 1-3; Doc. 7-3, Prehearing Order at p. 1 n.1.) She later initiated the instant lawsuit, on August 31, 2010, asserting those same disability discrimination claims. (*See* Doc. 8-1, Pl.'s Summ. J. Resp. at pp. 12-13.) On September 22, 2010, she admittedly informed the administrative Hearing Officer that she was withdrawing her disability discrimination claims from the administrative proceeding:

> Plaintiff informed the OOC Hearing Officer that she would remove a failure to accommodate claim from [the administrative proceeding]. . . . Plaintiff informed the Hearing Officer that "Complainant's failure to accommodate claim was asserted in OOC Case No. 10-AC-70. As stated during the September 22, 2010 Status Conference, Complainant voluntarily removes that claim in this [administrative proceeding]." Plaintiff removed the failure to accommodate from the OOC Case No. 10-AC-58 because that claim was part of OOC Case No. 10-AC-70, which had been already filed in federal court.

(Doc. 25, Pl.'s Resp. to Court at p. 2; s*ee* Doc. 24, Def.'s Sealed Attachment 1, Oct. 8, 2012 Pl.'s Mem. In Opposition to Mot. to Dismiss, 10-AC-58.)

Although it appears that the disability discrimination claims were not substantively addressed prior to dismissal by the administrative tribunal, the fact remains that Plaintiff dismissed those claims in September 2010 <u>after</u> she had already filed the present complaint in August 2010. As such, the instant Court is without jurisdiction to consider her disability discrimination claim and this action will be dismissed with prejudice. *See* 2 U.S.C. § 1404 (once mediation is completed, the employee has two options: she "may <u>either</u> (1) file a complaint with the Office [of Compliance]" or (2) "file a civil action . . . in the United States district court. . . ."); *Delfani v. United States Capitol Guide Bd.*, 1:03-cv-949-RWR, 2005 WL 736644, at 2, 3-5 (D.D.C. Mar. 31, 2005) ("[S]ubject matter jurisdiction is tested as of the time of filing of the

complaint."), *aff'd* 198 Fed. Appx. 9 (D.C. Cir. 2006) ("The district court lacked subject matter jurisdiction because the plaintiff had an administrative complaint pending when she filed this civil action.").

SO ORDERED.
September 30, 2012

_____
Robert L. Wilkins
United States District Judge